IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL CASE NO. 3:01-cr-229-L-1 |
| § | |
| WALTER JOSE MIRANDA, #26916-177, § | |
| Defendant. § | |

### MEMORANDUM OPINION AND ORDER

Before the court is Defendant Walter Jose Miranda's ("Defendant") pro se Request for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A) ("Motion") (Doc. No. 191), filed January 31, 2025. After considering the Motion, the record, and the applicable authorities, the court **denies** the Motion.

### I. Background

Defendant pled guilty under a Rule 11(e)(1)(C)—now Rule 11(c)(1)(C)—plea agreement to five counts of robbery and aiding and abetting in violation of 18 U.S.C. §§ 1951(a) and 2, and one count of using, carrying, possessing, and brandishing a firearm in relation to the commission of a crime of violence and aiding and abetting in violation of 18 U.S.C. §§ 924(c)(1) and 2. *See* Doc. Nos. 39, 49, 110. By Judgment entered August 28, 2002, the court sentenced him to a total term of 360 months' imprisonment, comprised of 108 months for each of the robbery counts, to be served concurrently with one another, and 252 months for the § 924(c) firearm offense, to be served consecutively to the robbery offenses; his term of imprisonment was to be followed by five years of supervised release. *See* Doc. No. 110. Defendant did not appeal the Judgment.

Defendant now seeks a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) based on extraordinary and compelling reasons. *See* Doc. No. 191. He argues that a sentence reduction is

warranted based on: (1) an unusually long sentence for his § 924(c) firearm offense; and (2) the 18 U.S.C. § 3553(a) sentencing factors. *See id.*

## II. Analysis

A prisoner seeking compassionate release under § 3582(c)(1)(A) must show that (1) "extraordinary and compelling reasons" justify the reduction of his sentence; (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission"; and (3) "early release would be consistent with the sentencing factors in 18 U.S.C. § 3553(a)." *United States v. Jackson*, 27 F.4th 1088, 1089 (5th Cir. 2022) (quoting 18 U.S.C. § 3582(c)(1)(A) (internal quotation marks omitted). On November 1, 2023, the United States Sentencing Commission issued an amended policy statement setting forth non-exclusive circumstances that constitute "extraordinary and compelling reasons." U.S.S.G. § 1B1.13. After a complete review of the Motion, the applicable sentencing factors provided in § 3553(a), and the policy statements issued by the Sentencing Commission, the court concludes that Defendant's request for sentence reduction under § 3582(c)(1)(A) must be denied.

According to Defendant, his § 924(c) sentence was improperly enhanced pursuant to U.S.S.G. § 6B1.2(c) because such enhancement was prohibited by Amendment 599 of the sentencing guidelines, resulting in "an unusually long sentence that represents a gross disparity worth remedying." Dkt. No. 191 at 3; *see also id.* at 4-5. He argues that "the Court imposed an +11 increase to the base level, under U.S.S.G. §6B1.2(c) resulting in a sentence of 235 months to 293 months of incarceration" on the § 924(c) offense. *Id.* at 4. He contends that he "would be subject to 74 months of incarceration, rather than 252 which he is now serving" if not for the § 6B1.2(c) enhancement to his § 924(c) sentence. *Id.* at 5. He posits that, "under the plain

language of §924(c), Movant's sentence should not have been no longer than 74 months – i.e., brandishing." *Id.* at 4.

To the extent Defendant argues that the offense level for his § 924(c) sentence was improperly enhanced, the presentence investigation report ("PSR") prepared in this case shows that no enhancements were applied to the offense level for Defendant's § 924(c) offense, and his guideline imprisonment range for the § 924(c) offense was a mandatory consecutive term of not less than 84 months. *See* Dkt. No. 158 at ¶¶ 71, 105. Defendant's § 924(c) offense carried a statutory mandatory minimum sentence of 84 months and up to a maximum sentence of life imprisonment. *See* 18 U.S.C. § 924(c)(1); *United States v. Sias*, 227 F.3d 244, 246-47 (5th Cir. 2000). As the court previously noted, Defendant pled guilty under a Rule 11(e)(1)(C) agreement. *See* Doc. No. 39. Under that agreement, Defendant agreed to a total term of imprisonment of 360 months for the six offenses to which he was pleading guilty, and further agreed that an upward departure from the applicable guideline range in the case was appropriate to achieve the agreed 360-month sentence based on aggravating circumstances specifically set forth in the agreement. *See id.* On this record and under these circumstances, Defendant's arguments fail to establish extraordinary and compelling reasons for a sentence reduction.

Further, even if Defendant could show extraordinary and compelling reasons for a sentence reduction, based on the record as a whole and after weighing the § 3553(a) sentencing factors, the court finds in its discretion that they do not support Defendant's request for a sentence reduction. *See United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (noting that "compassionate release is discretionary, not mandatory, and c[an] be refused after weighing the sentencing factors of 18 U.S.C. § 3553(a)."). The nature and circumstances of Defendant's offenses and his history and characteristics do not justify a reduced sentence.

Defendant's robbery convictions were for a series of masked and armed robberies he committed with two co-defendants and a juvenile over a seven-month period from July 2000 to February 2001. Defendant also was involved in at least nine additional armed robberies between for which he was not convicted. In exchange for his guilty plea, the Government agreed to dismiss eight additional charges under § 924(c)(1) and multiple charges under 18 U.S.C. § 922(u), §§ 924(i)(1) and 2, and §§ 1951(a) and 2. Had he been convicted of all the counts with which the Government charged him in the superseding indictment, he would have been exposed to, at minimum, an additional eight mandatory consecutive § 924(c) sentences. His sentence would not have been limited to the 360 months to which he agreed under the plea agreement.

Further, although Defendant generally states that the § 3553 sentencing factors support a sentence reduction because he "has been incarcerated since the early 2000s and remains a low recidivist inmate," he does not provide any records or other evidence to support his statement. Doc. No. 191 at 5. Instead, the records available to the court show that while serving his sentence in this case, Defendant was charged and convicted in another federal proceeding for possession of contraband in a federal prison. *See* Doc. No. 168-2. Specifically, he smuggled heroin and marijuana into the prison with the assistance of the mother of his child, appeared to use the child in an attempt to obstruct the prison staff's view of the exchange of contraband with the child's mother, and later attempted to hide the contraband. *See* Doc. No. 168-1. Defendant also has been involved in multiple infractions since his incarceration. *See* Doc. No. 168-3.

Reducing Defendant's sentence will not adequately reflect the seriousness of his offenses, promote respect for the law, provide just punishment for the offense, adequately deter criminal conduct, or protect the public from further crimes. The court therefore finds that the § 3553(a) factors do not support a sentence reduction at this time. *See Concepcion v. United States*, 597 U.S.

481, 486 (2022) ("[A] district court adjudicating a motion under the First Step Act may consider other intervening changes of law (such as changes to the Sentencing Guidelines) or changes of fact (such as behavior in prison) in adjudicating a First Step Act motion.").

### III.  Conclusion

For the foregoing reasons, the court **denies** Defendant's Motion.

**It is so ordered** this 3rd day of April, 2025.

Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order – Page 5**